THRASYBULE D. LAZARIDES, DOING BUSINESS AS T. D. LAZARIDES & COMPANY, PLAINTIFF, v. WILLIAM STEVENSON, DEFENDANT.

Submitted November term, 1922—Decided February 20, 1923.

Contracts—Action to Recover Balance Due on Order—
Testimony does not Support Verdict.

On rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff, *Absalom P. Bachman.*

For the defendant, *Elmer W. Romine.*

PER CURIAM.

This case is before us on a plaintiff's rule to show cause. The action was instituted to recover from the defendant the balance due upon orders for automobile specialties to be made by the plaintiff according to directions and patents of the defendant. The orders were given on October 20th, November 23d, November 24th and December 1st, 1916. The defendant was to receive financial assistance from a Mr. Burrows. A corporation was to be formed for the conduct of the business. The certificate of incorporation creating the Stevenson Automobile Appliance Corporation was dated November 8th, 1916, but was not filed with the secretary of state of New York until December 4th, 1916, and not filed with the clerk of New York county until December 14th, 1916. The company appears never to have been properly financed, and was admittedly a defunct concern at the time

of trial. Deliveries of the goods ordered were refused. Mr. Burrows paid $1,000 on account and then, according to the defendant's testimony, failed to give the further financial assistance promised. A suit was instituted in New York by the plaintiff against Burrows and resulted in recovering $600 additional from Burrows, which was applied in reduction of the plaintiff's claim. The present action to recover the balance alleged to be due was then commenced. The answer set up that the contract was made with the corporation and not the defendant; that payment had been guaranteed by Burrows; that the plaintiff had agreed to look to Burrows for payment, and that there had been an accord and satisfaction at the time of the receipt of the $600 from Burrows. The jury found a verdict for the defendant. The testimony, we think, does not support this verdict. The corporation had not been formed at the time the orders were given by the defendant. We do not believe that the plaintiff would or did extend credit to a corporation not yet formed and of which he knew nothing as to its resources. The weight of the evidence is with the version of the plaintiff that the contracts were made with the defendant as an individual trading as the Stevenson Automobile Appliance Company. The other defences set up are also not supported by the weight of the evidence. The rule to show cause will be made absolute.